**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

---

| | |
|---|---|
| **BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG,** | Case No. _____ |
| Plaintiffs, | |
| v. | **COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, AND DECLARATORY JUDGMENT** |
| **BROOKLANDS NEW MEDIA, LTD. and BROOKLANDS NEW MEDIA, LLC,** | |
| Defendants. | **JURY TRIAL REQUESTED** |

---

## COMPLAINT

---

Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively, "BMW"), by their undersigned attorneys, bring this action against Brooklands New Media, Ltd. and Brooklands New Media, LLC (collectively, "Brooklands"), and allege as follows for their Complaint, upon actual knowledge with respect to themselves and their own acts, and upon information and belief as to all other matters.

## PRELIMINARY STATEMENT

BMW brings this action to stop Brooklands from using BMW's famous and iconic trademarks to generate profit for itself while deceiving a key segment of the public. Without BMWs approval and, indeed, over BMW's express objections, Brooklands is using the famous

BMW    name,    iconic    Roundel    logo     ,    and    distinctive    "Kidney    Grille,"

—all of which are federally registered BMW trademarks that BMW has used for decades—to sell advertising space in a yet-to-be-written book about BMW's subsidiary BMW of North America. Among the targets of Brooklands' scheme are BMW dealers. In particular, Brooklands, has "invited" BMW dealers and others to take part in a "special commemorative publication" celebrating "45 years of BMW of North America," an anniversary that BMW neither recognizes nor plans to commemorate. As the main inducement, Brooklands states that "[c]omplimentary copies will be provided to VIPs at BMW of North America and throughout the industry." As shown below the most prominent, eye-catching part of the so-called "Invitation" is the BMW of North America name:

**BROOKLANDS NEW MEDIA PRESENTS:**

# BMW OF NORTH AMERICA
# CELEBRATING 45 YEARS

**A SPECIAL COMMEMORATIVE PUBLICATION**

## Invitation

Accompanying the "Invitation" is a four-page color brochure that graphically exploits the BMW trademarks, as illustrated in page two of the brochure below:

2



The prominent, unauthorized uses of BMW's famous trademarks on these materials are likely to cause confusion, mistake, and deception in violation of the Lanham Act, and state and common law by falsely suggesting that BMW has approved or is affiliated with Brooklands' activities.

Brooklands' unauthorized use of BMW's federally registered and famous trademarks is not "nominative fair use" for at least the following reasons. Brooklands uses BMW's marks far more prominently than is necessary to fairly and truthfully describe its venture. Brooklands cannot sanitize its unauthorized conduct by using the ambiguous phrase "independently produced" or by including inconspicuous disclaimers. Nor can Brooklands rely on the U.S. Constitution—the First Amendment does not permit the use of iconic trademarks such as BMW's in such a deceptive manner. Indeed, the harm to BMW and risk of confusion far outweigh any First Amendment protection of a non-existent book.

Finally, BMW has asked Brooklands to refrain from promising access to VIPs at BMW of North America. BMW has also implored Brooklands to significantly reduce the size and prominence of BMW's trademarks and significantly increase the size and prominence of its

disclaimers. Brooklands, however, refuses to make more than inconsequential changes. Brooklands also refuses to truthfully and prominently state that its promotional materials and any resulting book are "UNAUTHORIZED by BMW." In short, Brooklands persists in using the prestige of BMW's own trademarks and the false impression of BMW's imprimatur to attract advertising revenue for this rogue "commemorative publication," all in violation of BMW's rights in its famous trademarks.

## NATURE OF THE ACTION

1.      This is a civil action for trademark infringement, false representation, false designation of origin, and trademark dilution arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and common law. BMW seeks equitable and monetary relief for Brooklands' actions that constitute willful violations of BMW's federally registered trademarks and common law trademark rights.

2.      Brooklands' unlawful activities infringe BMW's trademarks and are likely to dilute and tarnish BMW's famous marks and have caused and will continue to cause, unless enjoined, irreparable harm to BMW and the public.

3.      BMW seeks injunctive and other relief from Brooklands' unauthorized use of BMW's trademarks, including without limitation an injunction enjoining Brooklands from engaging in such unlawful activities, disgorgement of Brooklands' profits, recovery of BMW's actual damages, corrective advertising, and BMW's attorneys' fees and costs.

## THE PARTIES

4.      Plaintiff BMW of North America, LLC ("BMW NA") is a Delaware limited liability company with its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677 and its manufacturing headquarters at 1400 Highway 101 South, Greer, South

Carolina 29651. BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation, which is a wholly owned subsidiary of Bayerische Motoren Werke AG ("BMW AG"). BMW NA is responsible for the wholesale distribution of BMW vehicles throughout the United States.

5.     Plaintiff BMW AG is a corporation organized under the laws of the Federal Republic of Germany, with its principal place of business at Petuelring 130, Munich, Germany, and is the owner of the trademarks asserted in this action. BMW AG designs and manufactures motor vehicles, parts, and other products for sale in Europe and for export and sale throughout the world.

6.     Defendant Brooklands New Media, Ltd. is a United Kingdom company with its principal place of business at Brooklands House Bailey Head, Oswestry, Shropshire, United Kingdom, SY11 1PZ.

7.     Defendant Brooklands New Media, LLC is a Florida limited liability company with its principal place of business at 1000 5th Street, Suite 200, Miami Beach, FL 33139. The managing members/managers of Brooklands New Media, LLC are Davanand Lall and Vesta Lall. On information and belief, Davanand Lall and Vesta Lall are individuals domiciled in the United Kingdom.

## JURISDICTION AND VENUE

8.     This action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and common law.

9.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Because the parties are citizens of different states and the matter in

controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, this Court also has jurisdiction under 28 U.S.C. § 1332. Jurisdiction over the state law claims is also appropriate under 28 U.S.C. § 1367(a) and principles of pendent jurisdiction because those claims are substantially related to the federal claims.

10.     This Court has personal jurisdiction over defendant Brooklands New Media, LLC because it is organized under the laws of Florida and has its principal place of business in this district, and therefore resides in this district. The Court has personal jurisdiction over defendant Brooklands New Media Ltd. arising from it purposefully directing its infringing activities to residents of this district. Venue is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claim occurred in this district.

## BMW AND ITS PRODUCTS AND SERVICES

11.     BMW is one of the most successful manufacturers of automobiles and motorcycles in the world.

12.     BMW owns the famous and federally registered trademark BMW and the BMW trade name (collectively, the "BMW Word Mark").

13.     BMW also owns its famous and federally registered BMW logo shown below (the "BMW Logo").



14.     Additionally, BMW owns its federally registered design marks (collectively, the "Kidney Grille") shown below (collectively, the BMW Word Mark, BMW Logo, and Kidney Grille are the "BMW Marks").



15.     Under the BMW Marks, BMW manufactures, sells, and distributes an array of automobiles and motorcycles and associated software, parts, and accessories, and provides numerous services, such as maintenance and repair services, financing, leasing, insurance, and warranty services. BMW also uses the BMW Marks on or in connection with a wide variety of merchandise, including publications relating to vehicles, travel, cultural events, and sporting events, clothing, toy cars, bags, jewelry, sunglasses, keychains, and cell phone cases, just to name a few. BMW has manufactured, marketed, and sold millions of vehicles in the United States under the BMW Marks.

16.     BMW's commercial success under the BMW Marks in the United States has been tremendous. BMW and its authorized dealers and licensees have sold many billions of dollars of products and services under the BMW Marks in the United States over the years. BMW spends tens of millions of dollars every year in the United States to extensively advertise, market, and

promote products and services offered under the BMW Marks through a variety of media, including television and print advertisements, the Internet, and high-profile sponsorships. For example, BMW sponsors the PGA Tour's BMW Championship.

17.     In addition, BMW owns and operates numerous highly trafficked websites and social media pages. For example, the BMW Facebook page and the BMW Instagram page each have over 20 million followers. The BMW Marks are prominently displayed on all of BMW's websites and social media pages.

18.     In use in the United States since 1955, the BMW Word Mark and BMW Logo enjoy unquestionable fame as a result of long use, extensive advertising, massive commercial success, substantial publicity, and favorable public acceptance and recognition. Indeed, the BMW Word Mark and BMW Logo have become among the most recognized brands in the world, and have consistently been ranked in many lists of top brands for years, including No. 13 in "Best Global Brands" by Interbrand in 2018 and No. 20 in "The World's Most Valuable Brands" by Forbes in 2018. These rankings are attached as Exhibit 1.

19.     Furthermore, several federal district courts have recognized that the BMW Word Mark and BMW Logo are famous. *See BMW of N. Am., LLC v. Eurocar Tech., L.L.C.*, No. 613CV1215ORL18DAB, 2014 WL 10748119, at *3 (M.D. Fla. July 15, 2014), *report and recommendation adopted,* No. 613CV1215ORL18DAB, 2014 WL 10742620 (M.D. Fla. Aug. 5, 2014) (finding that the BMW Logo is a famous mark); *BMW of N. Am., LLC v. Eurotech Wheels, LLC*, No. 08 CV 0171 JM (WMC), 2008 WL 11337018, at *1 (S.D. Cal. July 25, 2008) (finding that the BMW Word Mark and BMW Logo are both famous); *BMW of N. Am., LLC v. Quality Star Benzz LLC*, No. 2:12-CV-00889-GMN, 2013 WL 1338233, at *1 (D. Nev. Mar. 29, 2013) ("BMW NA has expended millions of dollars in advertising across the United States in connection

with its Marks [including the BMW Logo] making them famous.").

## BMW'S TRADEMARK REGISTRATIONS FOR THE BMW MARKS

20.     In addition to its longstanding and strong common-law rights in the BMW Marks, BMW AG owns numerous federal registrations for the BMW Marks covering various goods and services. Representative examples of BMW's federal registrations for the BMW Marks are shown in the chart attached as Exhibit 2.

21.     BMW's federal trademark registrations for the BMW Marks are prima facie evidence of BMW's ownership and the validity of those registered trademarks. Further, many of these registrations are incontestable, and thus constitute conclusive evidence of BMW's exclusive right to use those marks for the products and/or services specified in those registrations pursuant to 15 U.S.C. §§ 1065 and 1115(b).

## BROOKLANDS' INFRINGING ACTIONS

22.     On or about September 19, 2018, Brooklands contacted BMW to "advise" BMW of its plan to create a book titled "BMW of North America: Celebrating 45 Years." Brooklands further advised that it intended to send an "Invitation" soliciting advertisements for this book from "clients" that presumably included BMW's dealers and affiliates.

23.     Brooklands also sent BMW a four-page PDF overview of the proposed book that Brooklands intended to send to "clients" that presumably included BMW dealers and affiliates. The overview prominently featured the BMW trademarks, including the name BMW of North America, the famous BMW Logo, the iconic Kidney Grille, and the legendary BMW mark itself. The four-page PDF overview that Brooklands sent to BMW is attached as Exhibit 3.

24.     Brooklands also sent BMW a copy of an "Invitation" it planned to send to "clients" that presumably included BMW dealers and affiliates. The "Invitation" that Brooklands sent to

BMW is attached as Exhibit 4.

25.     The "Invitation" is actually a solicitation to BMW dealers and affiliates to "participate in [Brooklands'] special commemorative publication" by purchasing advertising space for between $13,990 and $20,990.

26.     The invitation stated that "complimentary copies will be provided to VIPs at BMW of North America."

27.     In response, BMW objected to Brooklands' unauthorized use of the BMW Marks on the book and materials related to the book. BMW further objected to Brooklands' using the prestige of the BMW Marks to sell advertisements based on the misleading implication that BMW "VIPs" would read the book and that the book was associated with or sponsored, endorsed, approved, or licensed by BMW. BMW also made clear that it had no interest in receiving copies of Brooklands' book and that BMW VIPs would not receive or read it.

28.     Despite BMW's objections, Brooklands embarked on its efforts to enlist BMW dealers as advertisers for its book. In March 2019, Brooklands sent the email below (redacted to remove sensitive information), "Invitation," and solicitation materials to at least one BMW dealership located in this judicial district. Again, these materials actually are a solicitation to BMW dealers and affiliates to "participate in [Brooklands'] special commemorative publication" by purchasing advertising for between $13,990 and $20,990.

**From:** Natalia Petrova <n.petrova@brooklandsnewmedia.com>
**Sent:** Tuesday, March 26, 2019 6:49 AM
**To:** Jackson, Mike ▮▮▮▮▮@autonation.com>
**Subject:** BMW of North America: Celebrating 45 Years

Mr. Mike Jackson
CEO
Autonation

Dear Mr. Jackson,

We are delighted to invite you to consider taking part in our special commemorative publication celebrating 45 years of BMW of North America.

Please find attached your invitation and a PDF overiew of this edition.

We hope you welcome this invitation to participate in our special edition which is independently produced. If you would like to take part, or if you require any further details, please let me know.

Thank you in advance and I look forward to hearing from you.Kind regards,
Nataliia Petrova
**Brooklands New Media Ltd**
Tel: + 44 (0) 1691 680 778 Fax: 773
n.petrova@brooklandsnewmedia.com
www.brooklandsnewmedia.com/layouts - Login details available on request
Brooklands New Media Ltd
PO Box 27, Oswestry, Shropshire SY11 2ZE United Kingdom
Tel: +44 (0) 1691 680 778 Fax: +44 (0) 1691 680 773
Company Reg. No. 3186635 • Vat Reg No. 670844617

Brooklands New Media LLC
One Thousand, 5th Street, Suite 200, Miami Beach, Florida, 33139, USA
Tel: +1305 370 3867 Fax: +1305 723 7722
info@brooklandsnewmedia.com
www.brooklandsnewmedia.com

You are receiving this email as it is of legitimate interest to your organization. Brooklands New Media complies fully with the current General Data Protection Regulation. We will only contact you by email regarding business projects that are of direct interest to your organization. If you wish to opt out of receiving these emails please click here

© Brooklands New Media has been bringing value to its corporate clients, heads of state and members of royal families for over 20 years. To learn more please request login details for our layouts site.



29.     The subject line of the email was simply "BMW of North America: Celebrating 45 Years" without any reference to Brooklands. The email stated: "We are delighted to invite you to

consider taking part in our special commemorative publication celebrating 45 years of BMW North America." The email did not explain who Brooklands is. Nor did the email contain any disclaimer of association, connection, or affiliation with BMW.

30.     Brooklands' email, however, did refer to Brooklands' "corporate clients" and included a link to Brooklands' website, wherein BMW is listed among Brooklands' corporate clients, as shown in the following "fact sheet" that appears on Brooklands' website:



31.     Brooklands' email included attachments consisting of an "Invitation" and a PDF overview of the book, which included the statements that "complimentary copies will be provided to VIPs at BMW of North America" and that "[o]nly very important and influential executives will receive the publication, addressed to them personally, ensuring advertisers are seen by the right audience in the right context." Brooklands knew or should have known that these statements are

false, since BMW had repeatedly objected to Brooklands' book and solicitation scheme.

32.    Brookland's "Invitation" is shown below:

BROOKLANDS NEW MEDIA PRESENTS:

# BMW OF NORTH AMERICA
## CELEBRATING 45 YEARS

A SPECIAL COMMEMORATIVE PUBLICATION

### Invitation

We are delighted to invite you to participate in our special commemorative publication titled: "BMW of North America: Celebrating 45 Years".

Independently produced, this publication looks at the extraordinary development and success of BMW of North America over the past 45 years and highlights the significant milestones and achievements. Please find enclosed an overview of the publication.

Complimentary copies will be provided to VIPs at BMW of North America and throughout the industry. Print run: 10,000 copies.

If you would like to include a special advertising message or profile, the following options are available: Full Page, Color at $13,990 Net US Dollars or a Double Page, Color at $20,990.

We hope you welcome this invitation to participate in our special tribute edition, which is independently written and produced and is not affiliated with, sponsored or endorsed by BMW of North America or any commercial, governmental or special interest group. All advertisers are free to decide if they would like to take part as they would with any other media opportunity and to refer any publication questions to the publishers, as BMW of North America are not involved with any publication or advertising enquiries.

Thank you in advance for your consideration and we look forward to hearing from you.

Yours sincerely,

Natalia Petrova
Brooklands New Media LLC
UK HQ Tel:  +44 (0) 1691 680 778 Fax: 773
n.petrova@brooklandsnewmedia.com
www.brooklandsnewmedia.com/layouts - Login details available on request
**Please find enclosed a PDF overview**

Brooklands New Media LLC, 1000, 5th Street, Suite 200, Miami Beach, Florida, 33139, USA
Tel: 305 370 3867 Fax: 305 723 7722 e-mail: info@brooklandsnewmedia.com www.brooklandsnewmedia.com

33.    The name "BMW of North America" is the most prominent and eye-catching element of the "Invitation."

34.    The "Invitation" also contains six paragraphs of text, all presented in the same font and type size that is significantly less conspicuous than the heading. In the penultimate paragraph, Brooklands included the following sentence in the same font and type size as the used for the

preceding four paragraphs of text: "We hope you welcome the invitation to participate in our special tribute edition, which is independently written and produced and is not affiliated with, sponsored, or endorsed by BMW of North America . . ." Brooklands made no effort to highlight, emphasize, or direct readers' attention to this inconspicuous statement.

35. The BMW of North America name and BMW trademarks also are the dominant elements of the PDF overview of the book that was attached to Brooklands' email, as shown in four pages of the PDF overview below.

  a. "BMW OF NORTH AMERICA" is the most prominent element on each page of the presentation materials, appearing in type size that is at least twice as large as the surrounding text

  b. Also appearing on page two is a dynamic photograph of a BMW vehicle showcasing the iconic Kidney Grille, BMW Logo, and BMW mark






36. As with the "Invitation," the presentation materials contain two inconspicuous

small-print statements disclaiming any relationship, affiliation, sponsorship, approval or endorsement with or by BMW AG or BMW of North America, one on the front page and another on the last page.

37.     Both the "Invitation" and PDF affirmatively state that the "print run" for the Brooklands book would be "10,000 copies."  This statement is misleading; Brooklands has not yet created any such book and does not intend to do so if its "Invitation" does not attract enough interest and revenue.

38.     More specifically, Brooklands admitted to BMW that "we do not start writing the full publication articles until we have received some interest which will enable us to cover these costs."

39.     Brooklands refuses to stop soliciting advertising for its non-existent book despite BMW's objections.

40.     Although it has adjusted the appearance and wording of its solicitation materials, Brooklands has repeatedly rejected BMW's request that those materials include prominent conspicuously, and truthful statements that BMW does not authorize, approve, license, sponsor, or endorse Brooklands' invitation, solicitation materials, or the Brooklands book.

41.     Moreover, Brooklands has represented to BMW that it would make certain changes to its solicitation materials, including but not limited to changing the subject line of its solicitation email to read "Brooklands New Media Presents: BMW of North America: Celebrating 45 Years," but upon information and belief Brooklands has not made these represented changes.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement Under Section 32(1)**
**of the Lanham Act, 15 U.S.C. § 1114(1)**

42.     BMW repeats and realleges each and every allegation set forth above.

43.     Brooklands used and continues to use in commerce the BMW Marks in connection with the offering, sale, distribution, and advertising of goods and services, which are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Brooklands' products, services, and commercial activities relating to its proposed book and solicitations regarding that book, and thus Brooklands' actions constitute infringement of the BMW Marks referred to above in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

44.     Brooklands' actions described above have at all times relevant to this action been willful and/or knowing.

45.     As a direct and proximate result of Brooklands' actions as alleged above, BMW has been and will continue to be damaged and irreparably harmed.

46.     BMW has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### Trademark Infringement, False Designation
### of Origin, and Unfair Competition
### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

47.     BMW repeats and realleges each and every allegation set forth above.

48.     Brooklands' unauthorized actions described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Brooklands' prospective book and Brooklands' commercial activities in connection therewith, and thus constitute trademark infringement, false designation of origin, false and misleading representation of facts, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

49.     Brooklands' actions described above have at all times relevant to this action been willful.

50.     As a direct and proximate result of Brooklands' actions as alleged above, BMW has been and will continue to be damaged and irreparably harmed.

51.     BMW has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### Trademark Dilution Under Section
### 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

52.     BMW repeats and realleges each and every allegation set forth above.

53.     BMW has engaged in extensive nationwide advertising, promotion, and use of the BMW Word Mark and Roundel Logo for many years. Further, BMW has had massive sales of goods and services bearing such marks for decades.

54.     The BMW Word Mark and BMW Logo have for many years received extensive unsolicited media attention nationwide. Such extensive and frequent media attention and commercial success has had a substantial impact on the public and has long created an association in the minds of consumers between BMW and the BMW Word Mark and the BMW Logo, such that these marks are famous and were famous nationwide well before Brooklands commenced their unauthorized use of those marks.

55.     Brooklands' actions described above, all occurring after the BMW Word Mark and BMW Logo became famous, are likely to cause dilution by blurring and dilution by tarnishment of the distinctive quality of those trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

56.     Brooklands' actions described above have at all times relevant to this action been willful.

57.     As a direct and proximate result of Brooklands' actions as alleged above, BMW has been and will continue to be damaged and irreparably harmed.

58.     BMW has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### Trademark Infringement, Unfair Competition, and Misappropriation
### Under Florida Statute § 495.131

59.     BMW repeats and realleges each and every allegation set forth above.

60.     Brooklands' actions described above with respect to the BMW Marks constitute common law trademark infringement, unfair competition, and misappropriation under Florida Statute § 495.131.

61.     Brooklands' actions described above have at all times relevant to this action been willful.

62.     As a direct and proximate result of Brooklands' actions as alleged above, BMW has been and will continue to be damaged and irreparably harmed.

63.     BMW has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### Trademark Dilution Under Florida Statute § 495.151

64.     BMW repeats and realleges each and every allegation set forth above.

65.     BMW has engaged in extensive advertising, promotion, and use of the BMW Word Mark and Roundel Logo for many years in this State. Further, BMW has had massive sales of goods and services bearing such marks for decades in this State.

66.     The BMW Word Mark and BMW Logo have for many years received extensive unsolicited media attention in this State. Such extensive and frequent media attention and commercial success has had a substantial impact on the public and has long created an association in the minds of consumers between BMW and the BMW Word Mark and the BMW Logo, such that these marks are famous and were famous in this State well before Brooklands commenced their unauthorized use of those marks.

67.     Brooklands' actions described above, all occurring after the BMW Word Mark and BMW Logo became famous in this State, are likely to cause dilution by blurring and dilution by tarnishment of the distinctive quality of those trademarks in violation of Florida Statute § 495.151.

68.     Brooklands' actions described above have at all times relevant to this action been willful.

69.     As a direct and proximate result of Brooklands' actions as alleged above, BMW has been and will continue to be irreparably harmed.

70.     BMW has no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**
**Common Law Trademark Infringement, Unfair**
**<u>Competition, and Misappropriation</u>**

71.     BMW repeats and realleges each and every allegation set forth above.

72.     Brooklands' actions described above with respect to the BMW Marks constitute common law trademark infringement, unfair competition, and misappropriation of BMW's goodwill under the common law.

73.     Brooklands' actions described above have at all times relevant to this action been willful.

74.     As a direct and proximate result of Brooklands' actions as alleged above, BMW has been and will continue to be damaged and irreparably harmed.

75.     BMW has no adequate remedy at law.

**SEVENTH CLAIM FOR RELIEF**
**<u>Declaratory Judgment</u>**

76.     BMW repeats and realleges each and every allegation set forth above.

77. Brooklands has stated its intent to violate BMW's rights in the BMW Marks and has actively taken steps to violate BMW's rights in the BMW Marks including, but not limited to its use of the BMW Marks to solicit advertisements from persons in this district for a non-existent book. An actual, present, and justiciable controversy has arisen between BMW and Brooklands.

78. BMW seeks a declaratory judgment that Brooklands' use, impending use, and intended use of the BMW Marks infringes BMW's rights to the BMW Marks and violates BMW's rights to the famous BMW Word Mark and BMW Logo under federal, state, and common law including, but not limited to under 15 U.S.C. §§ 1114 and 1125, and Fla. Stat. §§ 495.131 and 495.151.

79. BMW seeks a declaratory judgment that Brooklands' use, impending use, and intended use of the BMW Marks in connection with the offering, sale, distribution, and advertising of Brooklnds' goods and services described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Brooklands' goods, services, and commercial activities relating to its proposed book and solicitations regarding that book.

80. BMW seeks a declaratory judgment that Brooklands' use, impeding use, and intended use of the BMW Word Mark and BMW Logo in connection with the offering, sale, distribution, and advertising of Brooklands' goods and services described above are likely to cause dilution by blurring and dilution by tarnishment of the famous BMW Word Mark and BMW Logo.

## PRAYER FOR RELIEF

WHEREFORE, BMW requests entry of judgment against Brookland as follows:

A. That Brooklands, their affiliates, officers, agents, servants, employees, attorneys, and all persons and entities acting for, with, by, through, under or in active concert with them be preliminarily and permanently enjoined and restrained from using the BMW Word Mark, Roundel

Logo, and Kidney Grille or any reproductions or colorable imitations thereof in connection with the solicitation for advertising in Brooklands' publications and in connection with Brooklands' publications in such a manner as to cause confusion, mistake, or deception;

B.     That Brooklands account for and pay to BMW any and all profits arising from the foregoing acts of infringement, dilution, false designation of origin, and unfair competition, and an increasing of such profits for payment to BMW in accordance with 15 U.S.C. § 1117, and other applicable statutes and laws;

C.     That BMW be awarded actual damages for infringement, dilution, false designation of origin, and unfair competition in an amount to be determined at trial;

D.     That Brooklands pay BMW the cost for corrective advertising and/or engage in corrective advertising in a manner directed by the Court;

E.     That Brooklands file with this Court and serve on BMW's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction and other orders issued by the Court;

F.     A declaration that Brooklands' use, impending use, and intended use of the BMW Marks in connection with the solicitation for advertising in Brooklands' publications and in connection with Brooklands' publication infringes BMW's rights to the BMW Marks and is likely to cause confusion, mistake, or deception;

G.     A declaration that the BMW Word Mark and BMW Logo are famous marks and that Brooklands' use, impending use, and intended use of the BMW Word Mark and BMW Logo in connection with the solicitation for advertising in Brooklands' publications and in connection

with Brooklands' publication violates BMW's rights to the famous BMW Word Mark and BMW

Logo and is likely to cause dilution by blurring and dilution by tarnishment;

      H.     That Defendants pay BMW's costs and attorney's fees in this action pursuant to 15

U.S.C. § 1117 and other applicable statutes and laws; and

      I.     Any and all other relief that this Court deems just and proper.

**JURY DEMAND**

      Pursuant to Fed. R. Civ. P. 38, BMW respectfully demands a trial by jury for all claims so

triable.

Dated this June 5, 2019.                     Respectfully submitted,

                               By:     /s/ Amy Lane Hurwitz
                                      Amy Lane Hurwitz, Esq.
                                      Carlton Fields, P.A.
                                      100 SE 2nd Street
                                      Suite 4200
                                      Miami, FL 33131
                                      Telephone:  (305) 530-0050
                                      Facsimile:   (305) 530-0055
                                      Service of pleadings:
                                      ahurwitz@carltonfields.com
                                      ntorrado@carltonfields.com
                                      miaecf@cfdom.net

                                      Robert D. Litowitz, Esq.
                                      David M. Kelly, Esq.
                                      Clint A. Taylor, Esq.
                                      Kelley IP, LLP
                                      1300 19th Street, N.W.
                                      Suite 300
                                      Washington, DC 20036
                                      Telephone:  (202) 808-3570
                                    Facsimile:   (202) 354-5232

                                      *Attorneys for Plaintiff,* **BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG**

22